UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry P. Bennett, # 86822-071<br>*aka Henry P. Bennett, Jr.*<br>*aka Henry Bennett Jr. ,*<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br>Trooper Dale Owens, S.C. Highway Patrol;<br>South Carolina Highway Patrol, and<br>U.S. DEA Un-Known Agents,<br><br>　　　　　　　　　　Defendants. | ) C/A No. 9:09-1248-TLW-BM<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This is a civil action filed *pro se* by a federal prison inmate. Plaintiff seeks damages for alleged constitutional violations by state and federal law enforcement officials involved in procuring and conducting a warrantless vehicle stop that resulted in the seizure of $112,020.00 from Plaintiff's car in late August 2006. According to Plaintiff's allegations, the warrantless stop and resulting search and seizure of his money directly led to other allegedly warrantless traffic stops of several of Plaintiff's co-defendants in *U.S. v. Bennett*, Criminal Action No. 2:07-924-DCN, a federal criminal action in which Plaintiff and others were convicted of drug-related crimes.

In this regard, Plaintiff specifically alleges that the money "was take[n] and wrongly used to create a fake drug conspiracy in which I received a life+ sentence *all due to an illegal search that was/is systematic with these agencies.*" (emphasis added). Thus, by Plaintiff's own words, the disputed vehicle stop, search, and ultimate seizure of the money and its use in the criminal action were the undergirding and beginning of the entire criminal case that ultimately landed him in federal prison. Plaintiff also claims that his co-defendants' constitutional rights were violated by the

1

warrantless stops to which they were subjected. Essentially, Plaintiff is complaining that his and his co-defendants' federal convictions and sentences were wrongfully obtained because they were based on the evidence seized from their vehicles as a result of the contested warrantless stops, searches, and seizures.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Even when considered under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).



2

With respect to actions filed pursuant to 42 U.S.C. § 1983 [1] (or the *Bivens* Doctrine)[2], such as the present one alleging constitutional violations and/or other improprieties in connection with the investigation and/or prosecution of federal or state criminal charges, the United States Supreme Court held in *Heck v. Humphrey*, 512 US 477 (1997), that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. It is settled that *Heck* is applicable in civil rights suit against both state

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Plaintiff's claims of unconstitutional activity by a state trooper fall within the coverage of § 1983.

[2] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988). Plaintiff's claims of unconstitutional activity by federal DEA agents fall within the coverage of *Bivens*.

3

actors, such as state troopers, and federal officials, such as DEA agents. *See Ruff v. Runyon*, 258 F. 3d 498 (6th Cir. 2001); *Williams v. Hill*, 74 F. 3d 1339 (D.C. Cir. 1996); *Stephenson v. Reno*, 28 F. 3d 26 (5th Cir. 1994); *Best v. Kelly*, 39 F. 3d 328, 330 (D.C. Cir. 1994).

By the statement quoted above, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. While *Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases; *see Wallace v. Kato*, 549 U.S. 384 (2007); since this case involves an already completed criminal trial and complaints about how it was brought and conducted, *Wallace* is inapplicable and *Heck* controls. Plaintiff has not been successful in having his federal convictions set aside by way of appeal, § 2255 motion, habeas corpus, or otherwise, *see U. S. v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *see also U. S. v. Webber*, 396 F.2d 381, 386-87 (3d Cir. 1968); *Fletcher v. Bryan*, 175 F2d 716 (4th Cir. 1949), and because Plaintiff's allegations of unconstitutional search and seizure of important evidence that was used to bring and support the criminal case against him,[3] if true, would necessarily invalidate his convictions, he cannot sue any of the Defendants because of their involvement in the stop or the resulting search and seizure of the evidence used to convict him. *See Wiley v. City of Chicago*, 361 F. 3d 994, 996 (7th Cir. 2004). As a result, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

---

[3] In civil rights actions such as this in which Fourth Amendment issues relate to a conviction, *Heck v. Humphrey* is applicable. *See Ballenger v. Owens*, 352 F.3d 842 (4th Cir. 2003); *Booker v. Kelly*, 888 F. Supp. 869 (N.D. Ill. 1995); *Perkins v. Orr*, No. 9:04-835-08, 2004 WL 3217867, *3+ (D.S.C. Jul 01, 2004) (unpublished opinion).

4

Additionally and finally, to the extent that Plaintiff's Complaint could be construed as an attempt by him to assert the constitutional rights of his co-defendants with regard to the stops and searches of their vehicles and/or the seizure of evidence from them, the Complaint is also subject to summary dismissal, as prisoners are prohibited from bringing civil actions on behalf of other prisoners. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a *pro se* prisoner cannot be an advocate for others in a class action); *cf. Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for other prisoners). Also, because he is not a licensed attorney, Plaintiff does not have standing to bring suit on behalf of other persons or entities. *See Estate of Kerner v. U. S.*, 895 F.2d 1159, 1162 n. 3 (7th Cir. 1990). In the *Kerner* case, the court noted: "'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties.'"

## Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.



5

<mark>

                                                  Bristow Marchant
                                                  United States Magistrate Judge

June ___, 2009

Charleston, South Carolina



6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



7